# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LEONARD DOUGLAS (#601998)**                    **CIVIL ACTION NO.**

**VERSUS**                                       **18-128-JWD-EWD**

**CHRIS NAKAMOTO, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 12, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEONARD DOUGLAS (#601998)** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-128-JWD-EWD** |
| **CHRIS NAKAMOTO, ET AL.** | |

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

It is recommended that the Complaint in this case be dismissed on the Court's own motion as frivolous and for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Leonard Douglas ("Plaintiff"), an inmate representing himself, who is confined at the Dixon Correctional Institution ("DCI") in Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Reporter Chris Nakamoto and WBRZ Channel Two News ("WBRZ") (collectively "Defendants") alleging violations of Plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution.[1]  The specific series of events that transpired is unclear from Plaintiff's Complaint, but, it appears that Plaintiff allegations are that he and other members of the "Final Mission Band" "were exposed" while the band was performing under the authority of prison officials.  Plaintiff alleges that a disclosure of, presumably sensitive, information about the members of the Final Mission Band occurred, and as a result, those prisoners have now been "subjected to discrimination and cruel and unusual punishment as a direct result of disparagement to other prisoners creating abuse and harm…."[2]

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted

---

[1] R. Doc. 1, p. 4.
[2] R. Doc. 1, p. 4.

permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[3] Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.[4]

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon an unquestionably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[9]

---

[3] Plaintiff was granted permission to proceed *in forma pauperis* on March 28, 2018. (R. Doc. 4).

[4] Although Plaintiff does not name state actors as Defendants, construing his Complaint liberally, the facts are analyzed under §§ 1915(e) and 1915A to determine if Plaintiff could state a claim if he named state actors.

[5] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[7] *Denton*, 504 U.S. at 32.

[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[9] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (dismissal under § 1915(d), now § 1915(e)); *see also*, *Coleman v. Norwood*, No. 04-61, 2004 WL 877629, at * 1 (N.D. Tex. April 22, 2004)("Under 28 U.S.C. §§ 1915 and 1915A, the Court is required to dismiss the complaint or any portion of the complaint, at any time, if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from monetary relief.")

To prevail on a civil rights claim under § 1983, a plaintiff must prove that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.[10]  Under the "color of law" requirement, a defendant in a § 1983 action must have committed the complained-of acts in the course of the performance of his duties and must engage in the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law...."[11]  Chris Nakamoto and WBRZ--the only named defendants--are a private individual and a private television broadcaster, respectively.  Plaintiff does not allege that Defendants are state actors or that they acted under authority of state law as is required for liability under § 1983.[12]

Even if Plaintiff had named prison officials as defendants, he does not give any details regarding how those officials "did not protect disclosure of identity and information." Prison officials do not owe a duty to ensure news outlets do not report on information regarding prisoners.[13]  To the extent Plaintiff suggests that his general privacy rights have been violated, inmates have a substantially reduced right of privacy while incarcerated.[14]  Considering the very

---

[10] 42 U.S.C. § 1983; *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

[11] *Bryant v. Military Dep't of Mississippi,* 597 F.3d 678, 686 (5th Cir. 2010) (citing *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir.2002) (quoting *United States v. Causey*, 185 F.3d 407, 415 (5th Cir.1999)).

[12] *See Lavergne v. Dateline NBC*, 597 Fed. Appx. 760, 762 (5th Cir. 2015) (finding the plaintiff failed to state a claim against Dateline NBC for broadcasting details about the plaintiff because Dateline NBC was not a state actor and was not "clothed with the authority of state law.")  To the extent Plaintiff complains that prison procedures were not followed, this claim must also fail.  First, Plaintiff has failed to name any prison officials as defendants.  Even if Plaintiff had named prison officials, a prison official's failure to follow the prison's own policies, procedures, or regulations does not amount to a constitutional violation.  *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

[13] R. Doc. 1, p. 4.  Plaintiff's claims apparently center around other inmates learning personal information about him, but even in cases where prison guards disclosed information about prisoners, such claims have been dismissed because the use of words does not comprise a § 1983 violation.  *See Anderson v. Kaydo*, No. 11-138, 2012 WL 3135626, at *13 (E.D. Tex. July 9, 2012)(allegations that guards encouraged other prisoners to rape or kill the plaintiff does not amount to a constitutional violation); s*ee also, Page v. Bozeman Police Department*, No. 17-65, 2017 WL 9324777, at *3 (D. Mont. Sept. 29, 2017) (dismissing as frivolous an inmate's claim that state actor had released information to the media that threatened his life in prison).  To the extent Plaintiff claims the release of information resulted in a failure to protect, though Plaintiff appears to allege emotional harm and abuse, he has not alleged that any inmates physically harmed him as a result of the information that was disclosed; thus, there is no factual basis for a failure to protect claim.  *See Walzier v. McMullen*, 333 Fed.Appx. 848, 851 (5th Cir. 2009) ("Absent a showing that other inmates harmed Walzier, there is no factual basis for a failure to protect claim.").

[14] *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984).

limited right to privacy that Plaintiff enjoys as an incarcerated individual, even if he had named state actors, he has not alleged sufficient facts to demonstrate a constitutional violation.[15] Presuming that the information disclosed included [the crimes of which Plaintiff was convicted, such information is generally public.[16]  Further, since the band's performances attracted media attention, it appears as though the band was performing in a public area, such that there would be no expectation of privacy, even if the performances occurred at the prison.[17]  Finally, if Plaintiff is suggesting Defendants and prison officials conspired regarding this release of information, he has not alleged facts sufficient to infer a conspiracy.[18]

If Plaintiff is seeking to act on behalf of the other inmates in the band,[19] that request should be denied.  "[C]ourts that have confronted such a request from a prisoner have 'consistently held that a prisoner acting pro se is inadequate to represent the interests of his fellow inmates in a class action.'"[20]

Finally, any claims pursuant to the Federal Privacy Act also fail.  The Privacy Act of 1974 is codified in 5 U.S.C. § 552a and "regulates the collection, maintenance, use, and dissemination

---

[15] *See also Floyd v. Tool*, No. 18-7, 2019 WL 7559669, at *4 (S.D. Ga. Nov. 26, 2019) (dismissing as frivolous a claim that prison officials disclosed an inmate's personal information to other inmates).

[16] The notion that criminal trials, and thus, the identity of the accused and the crimes of which they are charged, are public is derived from the constitution.  *See Rovinsky v. McKaskle*, 722 F.2d 197, 199 (5th Cir. 1984) ("The fourteenth amendment guarantees defendants in state prosecutions a public trial by incorporating the rights enumerated in the sixth amendment…The sixth amendment right is personal to the accused; the right of the public and the press to attend criminal trials derives instead from the first amendment.").

[17] *See U.S. v. Melancon*, No. 08-150, 2010 WL 324007, at *9 (E.D. La. Jan. 21, 2010) (finding no reasonable expectation  of privacy in a prison's common area and noting "[t]his Court is not persuaded to expand the scope of the severely diminished (if not extinct) privacy rights retained by inmates…").

[18] *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (holding that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim of conspiracy)).

[19] R. Doc. 1, p. 4 ("[M]embers of the Final Mission Band at Dixon Correctional Institute, Jackson, Louisiana were exposed to exception violation of reasonable expectation of privacy …" and "[P]risoners were subjected to discrimination and cruel and unusual punishment …").

[20] *Ali v. Immigration and Customs Enforcement*, No. 16-37, 2017 WL 881102, at *1 (N.D. Tex. Feb. 2, 2017), *report and recommendation adopted*, No. 16-37, 2017 WL 880866 (N.D. Tex. Mar. 3, 2017)(citations omitted); *see also Hoffman v. Richardson*, No. 18-328, 2019 WL 6975781, at *3 (S.D. Tex. Dec. 20, 2019)("Requests for class certification by a prisoner acting pro se are generally denied because the prisoner cannot 'fairly and adequately protect the interests of the class.'")(citations omitted).

of information about individuals by federal agencies."[21]  The Privacy Act is, thus, limited to actions against agencies of the federal government.[22]  None of the facts alleged suggest any federal actors.

To the extent that Plaintiff asks this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[23]  If the recommendation is adopted dismissing Plaintiff's federal claims, the exercise of supplemental jurisdiction over potential state law claims should be declined.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that all federal claims be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[24]

**IT IS FURTHER RECOMMENDED** that, if all federal claims are dismissed, the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

Signed in Baton Rouge, Louisiana, on May 12, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] *Sadler v. Department of Justice*, No. 18-1695, 2019 WL 4644030, at *2 (D.C. Sept. 23, 2019) (internal quotations and citations omitted).
[22] *Steward v. Bryan*, No. 02-61059, 2003 WL 22295510, at *1 (5th Cir. 2003).
[23] 28 U.S.C. § 1367.
[24] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."